IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MILLER, #T-97203,<br><br>    PLAINTIFF,<br><br>    vs.<br><br>JOE MCGRATH; TOM FETREL; DAVID RUNNELS,<br><br>    Defendants.<br>_____ | ) CIVIL NO. 2:08-00070 HWG-KSC<br>)<br>) ORDER VACATING ORDER GRANTING<br>) APPLICATION FOR LEAVE TO<br>) PROCEED *IN FORMA PAUPERIS* AND<br>) DIRECTING COLLECTION OF FILING<br>) FEE (DOC. NO. 16); FINDINGS<br>) AND RECOMMENDATION TO DISMISS<br>) WITHOUT PREJUDICE<br>)<br>) |

ORDER VACATING ORDER GRANTING APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING COLLECTION OF FILING FEE (DOC. NO. 16); FINDINGS AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE

On January 6, 2009, the Court issued an Order Granting Plaintiff's Application for Leave to Proceed In Forma Pauperis and Directing Collection of Filing Fee ("IFP Order").[1] The Court HEREBY VACATES said IFP Order and FINDS AND RECOMMENDS that the district court DISMISS WITHOUT PREJUDICE this action for the reasons set forth below.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be

---

[1] According to the docket, no fees have been paid since the issuance of the IFP Order.

granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The PLRA requires the court to consider prisoner actions dismissed prior to, as well as after, its enactment, so long as the case was dismissed by "a court of the United States."  Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997); 28 U.S.C. § 1915(g).

Plaintiff requested IFP status and the Court granted said request.  However, the IFP Order must be vacated.  Taking judicial notice of its own files and records, the Court finds that Plaintiff has had three or more prior prisoner actions dismissed as frivolous or for failure to state a claim.  See Miller v. High Desert State Prison, et al., CV 2:06-01437 GEB-CMK; Miller v. Access Securepak, CV 2:07-01538 FCD-CMK; Miller v. King Harris Publications Magazine, CV 1:07-01152 LJO-GSA; Miller v. California State Prison Corcoran, et al., CV 1:08-00594 OWW-SMS.  Significantly, Plaintiff does not allege or show that he is in imminent danger of serious physical injury.  Nor can he make such a claim based on the allegations in his pleading.  Accordingly, Plaintiff may not proceed IFP, and, pursuant to 28 U.S.C. § 1915(g), the Court FINDS AND RECOMMENDS that the district court DISMISS this action without prejudice to Plaintiff refiling his claims as a prisoner civil rights complaint, with concurrent submission of the $350 filing fee.

Based on the foregoing, all pending motions and/or

requests are DENIED as moot (Doc. Nos. 4, 8, 9, 10, 11, 14, 17, and 18).

IT IS SO ORDERED AND SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, August 24, 2009.

_____
Kevin S.C. Chang
United States Magistrate Judge

CV 2:08-00070 HWG-KSC; MILLER V. MCGRATH, ET AL.; ORDER VACATING ORDER GRANTING APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND DIRECTING COLLECTION OF FILING FEE (DOC. NO. 16); FINDINGS AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE