IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MILLER, #T-97203,<br><br>          Plaintiff,<br><br>     vs.<br><br>JOE MCGRATH; TOM FETREL; and<br>DAVID RUNNELS,<br><br>          Defendants. | )<br>)  Civ. No. 2:08-00070 HWG-KSC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION,
(DOC. 19), THAT THE CASE BE DISMISSED WITHOUT PREJUDICE</u>**

*Pro se* Plaintiff Ernest Miller filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 1.)  On January 5, 2009, the Magistrate Judge filed an order granting Plaintiff's application to proceed *in forma pauperis* ("IFP Order").  (Doc. 16.) On October 7, 2009, the Magistrate Judge entered a Findings and Recommendation ("F & R") to vacate the IFP Order and dismiss Plaintiff's Complaint without prejudice for violating the Prison Litigation Reform Act's "three-strikes rule," 28 U.S.C. § 1915(g).[1]  (Doc. 19.)  On October 26, 2009,

---

[1] Title 28 U.S.C. § 1915(g) states:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

1

Plaintiff filed an Objection, arguing that he qualifies for § 1915(g)'s "imminent danger" exception. (Doc. 20.)

The Magistrate Judge found that Plaintiff "had three or more prior prisoner actions dismissed as frivolous or for failure to state a claim." (F & R at p. 2.) Plaintiff's does not object to that finding. The Magistrate Judge also found that Plaintiff failed to allege or show that he was in imminent danger of serious physical injury. (Id.) Pursuant to § 1915(g), the Magistrate Judge recommended that the district court dismiss this action without prejudice to Plaintiff refiling his claims, with concurrent submission of the $350 filing fee. (Id.)

Plaintiff objects to the Magistrate Judge's F & R in a one-page pleading by alleging that he is under imminent danger of physical injury. (Objection at p. 1.) Plaintiff attaches as his only exhibit a two-page "Findings and Recommendations" from another lawsuit that he filed in the Eastern District of California ("2007 Lawsuit"). (Case No. 1:07-cv-01416 LJO-DLB, (Doc. 38).) The "Findings and Recommendations" states that in the 2007 Lawsuit, Plaintiff filed two motions for a preliminary injunction to be housed on "single cell status due to safety concerns." (Id. at p. 1.) The "Findings and Recommendations" recommends dismissing Plaintiff's motions for lack of jurisdiction. (Id. at p. 2.) On January 27, 2009, the district court adopted the "Findings and Recommendations." (Case No.

2

1:07-cv-01416 LJO-DLB, Doc. 50.)

Plaintiff has not demonstrated that he is under "imminent danger of serious physical injury," within the meaning of § 1915(g).  In <u>Andrews v. Cervantes</u>, the Ninth Circuit Court of Appeals held that the "imminent danger" exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."  493 F.3d 1047, 1053 (9th Cir. 2007).  Plaintiff filed the Complaint in this action on January 2, 2008.  (Doc. 1.)  The Complaint does not allege or show that he was in imminent danger of serious physical injury.  Plaintiff signed his motion for a preliminary injunction in the 2007 Lawsuit over eight months later, on September 28, 2008.  (Case No. 1:07-cv-01416 LJO-DLB, Doc. 32.)  The "Findings and Recommendations" to deny his motion for a preliminary injunction was filed on December 18, 2008, and does not show that Plaintiff was in "imminent danger" at the time his Complaint in this action was filed.  (Case No. 1:07-cv-01416 LJO-DLB, Doc. 38.)

Pursuant to § 1915(g), Plaintiff's case is dismissed without prejudice to Plaintiff's refiling his claims as a prisoner civil rights complaint, with concurrent submission of the $350 filing fee.

**CONCLUSION**

(1) The Magistrate Judge's Findings and Recommendation that the case be dismissed without prejudice, filed October

    7, 2009, (Doc. 19), is **ADOPTED**;

(2) Plaintiff's Objection to the Magistrate Judge's Findings and Recommendation, filed October 26, 2009, (Doc. 20), is **DENIED**;

(3) Plaintiff's case is **DISMISSED WITHOUT PREJUDICE** to Plaintiff's refiling his claims as a prisoner civil rights complaint, with concurrent submission of the $350 filing fee; and

(4) The Clerk of Court is **DIRECTED** to send Plaintiff a prisoner civil rights complaint form with instructions, so that he may comply with this Order.

IT IS SO ORDERED.

DATED: November 6, 2009, Honolulu, Hawaii.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge

MILLER v. MCGRATH, ET AL.; Civil No. 2:08-00070 HWG-KSC; **ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION, (DOC. 19), THAT THE CASE BE DISMISSED WITHOUT PREJUDICE**